■ STAPLETON STUDIOS, LLC, et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents. [802 NYS2d 54]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered September 29, 2004, which granted in part and denied in part defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The absence of a written development agreement or long-term lease is fatal to most of plaintiffs' causes of action, which are barred by the statute of frauds. The complaint, when liberally construed, however, makes out a claim for tortious interference with prospective business relations based on its allegations of slander and business defamation (cf. Vigoda v DCA Prods. Plus, 293 AD2d 265, 266 [2002]). The slander and business defamation allegations, based on statements made by defendants' representative to the press, are reasonably susceptible of defamatory connotation (see Armstrong v Simon & Schuster, 85 NY2d 373, 380 [1995]), and themselves state a cognizable claim for relief. The remarks at issue are not entitled to an absolute privilege because they were not made in the speaker's official capacity. Whether a qualified privilege or other defense is applicable cannot be determined at this juncture.

We have reviewed the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.